United States District Court
Southern District of Texas
**ENTERED**
August 28, 2020
David J. Bradley, Clerk

# IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF TEXAS GALVESTON DIVISION

No. 3:19-CV-0243

TIMOTHY MCCLURKIN, JR., TDCJ #01655625, PETITIONER,

v.

LORIE DAVIS, RESPONDENT.

## MEMORANDUM OPINION AND ORDER

JEFFREY VINCENT BROWN, UNITED STATES DISTRICT JUDGE.

Petitioner Timothy McClurkin, Jr., an inmate in the Texas Department of Criminal Justice–Correctional Institutions Division ("TDCJ"), filed a petition (Dkt. 1) for a federal writ of habeas corpus under 28 U.S.C. § 2254. The respondent filed a motion for summary judgment (Dkt. 20). McClurkin did not respond, and the time to respond has expired. After reviewing the pleadings, the applicable law, and all matters of record, the court will dismiss this action for the reasons explained below.

## I.   BACKGROUND

On July 8, 2010, McClurkin was convicted of murder with enhancement in the 405th District Court of Galveston County, Case No. 09CR2155, Hon. Wayne J. Mallia presiding (Dkt. 15-1, at 57-60). He pleaded no contest to the offense and

true to the enhancement (*id.* at 57).  The court sentenced him to life imprisonment (*id.*).

On direct appeal, McClurkin's appointed counsel filed an *Anders* brief stating that, after evaluating the record, he had concluded that the appeal lacked merit (Dkt. 15-11; *see Anders v. Calif.*, 386 U.S. 738 (1967)).  The appellate court, after finding no reversible error and that the appeal was frivolous, affirmed the judgment on December 2, 2010.  *See McClurkin v. State*, No. 14-10-00745-CR, 2010 WL 4923279 (Tex. App. –Hou. [14th Dist.]) Dec. 2, 2010, no pet.).  McClurkin did not file a petition for discretionary review with the Texas Court of Criminal Appeals.

On November 6, 2011, McClurkin executed an application for state habeas relief challenging his conviction and raising six claims, including ineffective-assistance-of-counsel claims (Dkt. 15-21, at 5-17) (WR-77,312-01).   His trial counsel submitted an affidavit responding to McClurkin's petition (*id.* at 45-46).  On February 16, 2012, the trial court entered findings of fact and conclusions of law recommending denial of habeas relief (*id.* at 48).  The Texas Court of Criminal Appeals denied relief without written order on April 4, 2012 (Dkt. 15-20).

On July 2, 2012, McClurkin filed a federal habeas petition in the Southern District of Texas challenging his 2010 conviction. The court dismissed the petition as time-barred on April 8, 2014.  *See McClurkin v. Stephens*, Civil Action No. 3:12-CV-203.

On July 2, 2016, the Galveston County District Attorney issued a letter notifying McClurkin of possible issues with evidence used in his case.   The letter informed McClurkin that he could request "recalculation" of the DNA evidence:

> You were prosecuted . . . for an offense that included the analysis of DNA mixture evidence by a Texas crime laboratory.  A DNA mixture refers to evidence that includes DNA from more than one person.  When a DNA mixture is analyzed, the laboratory report often includes a statistic informing the judge or jury how probable it is that a random person who is unrelated to you could be included in the DNA mixture.

> DNA evidence has become more complicated over the last 5-10 years, and forensic scientists have recently become aware that a common statistical method they used may not always have taken into account certain important scientific limitations.

> The Texas Forensic Science Commission is in the process of working with prosecutors, defense attorneys and laboratories to determine which cases may have problems.

> If you would like your case recalculated on the DNA mixture issue, please fill out the attached form . . .

(Dkt. 20-1, at 2) (emphasis deleted).

On April 30, 2019, nearly three years after the prosecutor's letter, McClurkin executed a second application for state habeas relief that raised claims about the DNA evidence (Dkt. 15-24, at 3-22) (WR-77,312-02).  The state's answer attached a letter from the Texas DNA Mixture Review Project dated July 20, 2017, and addressed to the district attorney, which stated that McClurkin had requested an evaluation and that the DNA mixture had not affected the outcome of McClurkin's case:

> We have completed our review of the possible impact that DNA mixture evidence may have had in the above case, and have determined that the DPS lab found the victim's non-mixture DNA on the shotgun that the defendant was holding when he was arrested fleeing the scene. Moreover, the defendant was observed shooting his father by his stepmother.  There was mixture DNA found in the case, but in light of the foregoing evidence it did not appear to be material to the conviction.

(*id.* at 31).    On May 22, 2019, the trial court entered findings of fact and conclusions of law recommending denial or dismissal of the petition:

> This Trial Court, having reviewed the application for writ of habeas corpus pursuant to article 11.07 of the Texas Code of Criminal Procedure, finds that there is ample evidence in the record to rule on the relief sought. Therefore, there is no need for a fact-finding hearing.
>
> The Trial Court further finds that pursuant to art. 11.07, sec 3(c), C.C.P., there are no controverted, unresolved facts which are material to the legality of the Applicant's confinement, and that Applicant's claim has no legal merit.
>
> The Trial Court additionally finds that Applicant has not fulfilled the article 11.07, Section 4(a) requirements to file a subsequent writ. This Trial Court recommends that relief be denied or dismissed.

(*id.* at 36-37).  On June 19, 2019, the Texas Court of Criminal Appeals dismissed the writ as subsequent (Dkt. 15-22).

In March 2019, shortly before he filed his second habeas application, McClurkin signed two *pro se* motions for forensic testing and filed them with the trial court (Dkt. 20-1). On May 28, 2019, approximately a week after the trial court denied McClurkin habeas relief, the court appointed counsel to represent McClurkin (*id.* at 17).   The court's docket reflects no ruling on the motions and no activity since counsel was appointed.  *See State v. McClurkin*, Case No. 09-CR-

2155, available at http://publicaccess.co.galveston.tx.us/default.aspx (last visited Aug. 28, 2020).  Respondent represents that, based on her counsel's inquires to the Galveston County District Clerk, "the matter apparently remains pending" (Dkt. 20, at 9-10 n.3).

McClurkin executed the pending federal petition on July 17, 2019, and the court docketed the petition on July 26, 2019.  He brings claims based on the 2016 letter regarding DNA evidence.  As relief, he seeks the reversal of his conviction and a retrial.  The respondent seeks summary judgment on the grounds that the McClurkin's habeas claims are time-barred.  McClurkin has not responded to the motion.

## II.   LEGAL STANDARDS

### A.   *Pro Se* Pleadings

Federal courts do not hold *pro se* habeas petitions "to the same stringent and rigorous standards as . . . pleadings filed by lawyers."  *Hernandez v. Thaler*, 630 F.3d 420, 426 (5th Cir. 2011) (internal quotation marks and citation omitted).  "The filings of a federal habeas petitioner who is proceeding *pro se* are entitled to the benefit of liberal construction."  *Id.*

### B.   The Anti-Terrorism and Effective Death Penalty Act

This federal petition for habeas corpus relief is governed by the applicable provisions of the Anti-Terrorism and Effective Death Penalty Act ("AEDPA").  *See Woodford v. Garceau*, 538 U.S. 202, 205-08 (2003); *Lindh v.*

*Murphy*, 521 U.S. 320, 335-36 (1997).  Under AEDPA, federal habeas relief based upon claims that were adjudicated on the merits by the state courts cannot be granted unless the state court's decision (1) "was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States" or (2) "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  28 U.S.C. § 2254(d); *Early v. Packer*, 537 U.S. 3, 7-8 (2002); *Cobb v. Thaler*, 682 F.3d 364, 372-73 (5th Cir. 2012).

Federal courts look to the "last reasoned opinion" as the state court's "decision." *Ylst v. Nunnemaker*, 510 U.S. 797, 803 (1991); *see Wilson v. Sellers*, 138 S. Ct. 1188, 1192 (2018); *Salts v. Epps*, 676 F.3d 468, 479 (5th Cir. 2012). "Where a state court's decision is unaccompanied by an explanation," and the lower courts did not issue a reasoned opinion, "the habeas petitioner's burden still must be met by showing there was no reasonable basis for the state court to deny relief." *Harrington v. Richter*, 562 U.S. 86, 98 (2011); *see Johnson v. Williams*, 568 U.S. 289, 293 (2013) (holding that there is a rebuttable presumption that the federal claim was adjudicated on the merits when the state court addresses some claims, but not others, in its opinion).

Review under AEDPA is "highly deferential" to the state court's decision. *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002) (per curiam). To merit relief under AEDPA, a petitioner may not merely show legal error in the state

court's "decision." *White v. Woodall*, 517 U.S. 415, 419 (2014) (stating being "merely wrong" or in "clear error" will not suffice federal relief under AEDPA).  AEDPA review exists only to "guard against extreme malfunctions in the state criminal justice systems." *Woods v. Donald*, 135 S. Ct. 1372, 1376 (2015) (internal citation and quotation marks omitted). "[F]ocus[ing] on what a state court knew and did," *Cullen v. Pinholster*, 563 U.S. 170, 182 (2011), AEDPA requires inmates to "'show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.'" *Woodall*, 572 U.S. at 419-20 (quoting *Richter*, 562 U.S. at 103). "If this standard is difficult to meet, that is because it was meant to be." *Richter*, 562 U.S. at 102.

For questions of law or mixed questions of law and fact adjudicated on the merits in state court, this court may grant habeas relief under 28 U.S.C. § 2254(d)(1) only if the state court decision "was contrary to, or involved an unreasonable application of, clearly established" Supreme Court precedent. *See Kittelson v. Dretke*, 426 F.3d 306, 318 (5th Cir. 2005). Under the "contrary to" clause, a federal court may afford habeas relief if the state court "reaches a legal conclusion in direct conflict with a prior decision of the Supreme Court or if it reaches a different conclusion than the Supreme Court on materially indistinguishable facts." *Matamoros v. Stephens*, 783 F.3d 212, 215 (5th Cir. 2015)

(internal quotation marks and citations omitted).  To constitute an "unreasonable application" of clearly established federal law, the state court's determination "must be objectively unreasonable, not merely wrong; even clear error will not suffice." *Woods*, 135 S. Ct. at 1376 (internal citation and quotation marks omitted).

On factual issues, AEDPA precludes federal habeas relief unless the state court's adjudication of the merits was based on an "unreasonable determination of the facts in light of the evidence presented in the state[-]court proceeding." *See* 28 U.S.C. § 2254(d)(2); *Martinez v. Caldwell*, 644 F.3d 238, 241-42 (5th Cir. 2011).

## C.    <u>Summary Judgment Standard in Habeas Corpus Proceedings</u>

In ordinary civil cases, a district court considering a motion for summary judgment is required to construe the facts of the case in the light most favorable to the non-moving party. *See Anderson v. Liberty Lobby*, 477 U.S. 242, 255 (1986).  "As a general principle, Rule 56 of the Federal Rules of Civil Procedure, relating to summary judgment, applies with equal force in the context of habeas corpus cases." *Clark v. Johnson*, 202 F.3d 760, 764 (5th Cir. 2000).  However, AEDPA modifies summary-judgment principles in the habeas context, and Rule 56 "applies only to the extent that it does not conflict with the habeas rules." *Smith v. Cockrell*, 311 F.3d 661, 668 (5th Cir. 2002), *overruled on other grounds by Tennard v. Dretke*, 542 U.S. 274 (2004); *see Torres v. Thaler*, 395 F. App'x 101, 106 n.17 (5th Cir. 2010).  "Therefore, § 2254(e)(1)—which mandates that findings

of fact made by a state court are presumed to be correct—overrides the ordinary summary[-]judgment rule that all disputed facts must be construed in the light most favorable to the nonmoving party." *Smith*, 311 F.3d at 668.

### III.  ANALYSIS

McClurkin's pending habeas petition, executed on July 17, 2019, raises four claims predicated on the 2016 letter regarding DNA evidence:  (1) prosecutors engaged in misconduct when they allegedly suppressed DNA evidence; (2) the trial court deprived McClurkin of due process of law when the state failed to test or retest the evidence, including the DNA mixture; (3) McClurkin is actually innocent of the offense for which he was convicted because other evidence from the crime scene shows that McClurkin was framed by the police; and (4) McClurkin's trial counsel was constitutionally ineffective when he failed to object to the state's alleged suppression of the DNA mixture (Dkt. 1, at 6-7).

The respondent seeks summary judgment based on AEDPA's limitations period.  28 U.S.C. § 2244(d).  Because McClurkin's conviction became final in January 2011 and state habeas relief was denied in 2012, his pending petition is not timely under § 2244(d)(1)(A) & (d)(2).[1]  The respondent argues that, even if

---

[1]      AEDPA's one-year limitations period runs from the "latest of" four accrual dates: (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action; (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (D) the date on which the factual

the 2016 letter regarding DNA evidence could serve as a "factual predicate" satisfying § 2244(d)(1)(D), McClurkin's petition still would be untimely under the statute because the one-year limitations period would have expired in 2017, and that McClurkin does not demonstrate that equitable tolling is appropriate.  *See Holland v. Fla.*, 560 U.S. 631, 649 (2010); *Mathis v. Thaler*, 515 F.3d 461, 475 (5th Cir. 2010).

However, this court lacks jurisdiction over McClurkin's petition because it is second or successive under 28 U.S.C. § 2244(b). Under AEDPA, before a second or successive application permitted by § 2244(b) may be filed in the district court, the applicant must move in the appropriate court of appeals for an order authorizing the district court to consider the application.  *See* 28 U.S.C. § 2244(b)(3)(A).  If a pending petition qualifies as a successive writ application, this court has no jurisdiction to consider it absent prior authorization from the Fifth Circuit.  "Indeed, the purpose of [28 U.S.C. § 2244(b)] was to eliminate the need for the district courts to repeatedly consider challenges to the same conviction unless an appellate panel first found that those challenges had some merit."  *United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000) (citing *In re Cain*, 137 F.3d 234, 235 (5th Cir. 1998)).  A district court may raise *sua sponte* the issue

predicate of the claim or claims presented could have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1).  The time period during which a "properly filed application for State post-conviction or other collateral review" is pending is not counted toward the limitation period.  *Id.* § 2244(d)(2).

of whether a habeas petition is successive.  *See Rodriguez v. Johnson,* 104 F.3d 694, 697 & n. 1 (5th Cir. 1997).

A prisoner's application is not "second or successive" merely because it follows an earlier petition, but rather when it either: (1) "raises a claim challenging the petitioner's conviction or sentence that was or could have been raised in an earlier petition"; or (2) "otherwise constitutes an abuse of the writ."  *Cain*, 137 F.3d at 235; s*ee Adams v. Thaler*, 679 F.3d 312, 322 (5th Cir. 2012).   In this case, McClurkin's previous federal petition, filed in 2012, challenged the same 2010 conviction and was dismissed as time-barred.  *See McClurkin v. Stephens*, Civil Action No. 3:12-CV-203.  His pending petition relies on the 2016 letter regarding DNA evidence, which was not available when he filed his 2012 petition.

Nevertheless, AEDPA bars McClurkin's petition.   The Fifth Circuit has clarified that "the small subset" of permissible petitions that "tend to be deemed non-successive" include later petitions that attack "distinct judgments, administration of an inmate's sentence, a defective habeas proceeding itself, or some other species of legal error" for which the "purported defect did not arise, or the claim did not ripen," until after the conclusion of the first petition.  *Leal Garcia v. Quarterman*, 573 F.3d 214, 222 (5th Cir. 2009).   "In essence, if the purported defect existed, or the claim was ripe, at the time of the prior petition, the later petition is likely to be held successive, even if the legal basis for the attack was not."  *Id.* at 222.  *Cain* "cannot be read in isolation, but must be considered in the context

of AEDPA, the statute that it interprets." *Id.* at 221.  Under § 2244(b)(2)(B), "claims based on a *factual* predicate not previously discoverable are successive," thus requiring the Fifth Circuit's authorization to proceed.  *Id.* (emphasis original); *see Blackman v. Davis*, 909 F.3d 772, 778 (5th Cir. 2018).

To the extent McClurkin's petition relies on a factual predicate that arguably was previously undiscoverable because the state had not disclosed the information in the 2016 letter, the precise requirements of § 2244(b)(2) control.  *See Blackman*, 909 F.3d at 778 (applying § 2244(b)(2) to claims that the government withheld evidence); *Johnson v. Dretke*, 442 F.3d 901, 908 (5th Cir. 2006).  To bring a claim relying on this new factual predicate, McClurkin must present authorization from the Fifth Circuit to file a successive petition.  *See* 28 U.S.C. § 2244(b)(3)(A); *Leal Garcia*, 573 F.3d at 221.  Because he has not presented authorization, this court lacks authority to grant the relief he seeks.

## III.   **CERTIFICATE OF APPEALABILITY**

Habeas corpus actions under 28 U.S.C. § 2254 or § 2255 require a certificate of appealability to proceed on appeal.  28 U.S.C. § 2253(c)(1); *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003).  Rule 11 of the Rules Governing Section 2254 Cases requires a district court to issue or deny a certificate of appealability when entering a final order that is adverse to the petitioner.

A certificate of appealability will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2),

which requires a petitioner to demonstrate "'that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.'" *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Under the controlling standard, a petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 336 (internal citation and quotation marks omitted). Where denial of relief is based on procedural grounds, the petitioner must show not only that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument. *Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). After careful review of the pleadings and the applicable law, the court concludes that reasonable jurists would not find its assessment of the claims debatable or wrong. Because the petitioner does not allege facts showing that his claims could be resolved in a different manner, a certificate of appealability will not issue in this case.

## IV.   <u>CONCLUSION</u>

Based on the foregoing, the court orders that the petition for habeas corpus under 28 U.S.C. § 2254 (Dkt. 1) filed by Timothy McClurkin, Jr., is dismissed without prejudice as an unauthorized successive petition.    A certificate of appealability is denied.

The Clerk will provide copies of this order to the parties.

Signed on Galveston Island this <u>28th</u> day of <u>August</u>, 2020.


_____
JEFFREY VINCENT BROWN
UNITED STATES DISTRICT JUDGE